**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-4619

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MICHAEL LAVANDO HARRISON, a/k/a Big Mike,

Defendant - Appellant.

No. 15-4634

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MICHAEL LAVANDO HARRISON,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge (5:13-cr-00157-F-1); Malcolm J. Howard, Senior District Judge. (5:01-cr-00203-H-1)

Submitted: July 14, 2016        Decided: September 1, 2016

Before NIEMEYER, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

R. Clarke Speaks, SPEAKS LAW FIRM, Wilmington, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2003, Michael Lavando Harrison was convicted of possession with intent to distribute cocaine base (crack) and marijuana, in violation of 21 U.S.C. § 841 (2012); and use of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2012). The district court originally sentenced Harrison to 188 months of imprisonment for the drug offense, plus the statutory mandatory minimum term of 60 months of imprisonment for the firearm offense, followed by 60 months of supervised release. The court subsequently reduced the sentence for the drug offense to 116 months.

Harrison was released onto supervision in 2012. In May 2013, Harrison was indicted for two counts of possession with intent to distribute crack, in violation of 21 U.S.C. § 841. Harrison pleaded guilty to the new charges and the district court sentenced Harrison to 78 months of imprisonment. Based on that guilty plea, the district court also revoked Harrison's supervised release and sentenced him to 18 months of imprisonment, to run consecutive to the new sentence. Harrison timely appealed both judgments.

In appeal No. 14-4619, Harrison argues that the district court erred in denying his motion to withdraw his guilty plea. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Dyess,

3

478 F.3d 224, 237 (4th Cir. 2007).  A defendant seeking to withdraw his guilty plea bears the burden of demonstrating that withdrawal should be granted.  Id.  In deciding whether to permit a defendant to withdraw his guilty plea, a district court should consider:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).

However, "[t]he most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted."  United States v. Nicholson, 676 F.3d 376, 384 (4th Cir. 2012) (internal quotation marks omitted).  The district court's inquiry is thus ordinarily confined to whether the underlying plea was counseled and voluntary and "a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn."  Id.  Such a Rule 11 colloquy raises a strong presumption that the plea is final and binding.  Id.  We have thoroughly reviewed the record and conclude that

4

the court did not abuse its discretion in denying Harrison's motion to withdraw his guilty plea.

The Rule 11 colloquy is devoid of legal error. Harrison's claim that he learned of the plea agreement only one day before trial is belied by the record, which reflects that he mentioned the plea deal in a letter to the court complaining about the performance of his prior counsel. In any event, even accepting Harrison's assertion as true, neither this fact nor his allegation that the Government threatened to file additional charges against him based on his actions while incarcerated demonstrate that his plea was the product of duress.

Moreover, Harrison offered no credible assertion of his legal innocence. He attacked the credibility of a confidential informant's statements regarding the drug weights from certain purchases made from Harrison, but these purchases had no bearing on the controlled purchases upon which the charges against him were based.

Nor did Harrison show that he lacked close assistance of competent counsel. To do so, he had to demonstrate that (1) his counsel's performance fell below an objective standard of reasonableness and (2) there was a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. See United States v. Bowman, 348 F.3d 408, 416 (4th Cir. 2003). Harrison's bald

5

assertions that his attorneys were all ineffective for trying to persuade him to plead guilty fail to demonstrate that their performance fell below an objective standard of reasonableness, and Harrison has not shown that his attorney's advice to plead guilty due to the significant chance of being found guilty at trial based on the evidence was erroneous.

Finally, while the three-month delay between Harrison's guilty plea and his first assertion regarding his unhappiness with his third-appointed counsel was not lengthy, it is clear that Harrison filed the motion in response to the presentence report, which has no bearing on the voluntariness of his plea as the court explained that he could not withdraw his plea if he received a sentence longer than expected. Accordingly, we conclude the court did not abuse its discretion in denying Harrison's motion to withdraw his guilty plea.

In appeal No. 14-4634, Harrison argues that the district court abused its discretion in finding that he had violated the terms of his supervised release. We review the district court's revocation of supervised release for abuse of discretion, and the court's factual determinations underlying the conclusion that a violation occurred for clear error. United States v. Padgett, 788 F.3d 370, 373 (4th Cir. 2015). The district court need only find a violation of a term of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012);

6

see <u>United States v. Copley</u>, 978 F.2d 829, 831 (4th Cir. 1992). This standard requires only that existence of a fact be more probable than its nonexistence. <u>Padgett</u>, 788 F.3d at 374. We conclude that the court did not abuse its discretion in finding a violation of Harrison's supervised release based on his guilty plea to the new offense.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

7